[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The marriage of the parties was dissolved by this court on May 31, 1989. The decree of dissolution incorporated by reference a separation agreement of the parties dated May 24, 1989. Said agreement provided, inter alia, for alimony for the plaintiff wife and further provided that:
 After December 1, 1989 or before February 2, 1990, either party may petition the Court for a hearing "de novo" on the issue of alimony. It being the intention of the parties that this present alimony order shall be entered without prejudice to any future order entered because, at the time of the dissolution of the marriage, the husband reported a significant reduction in his earnings.
 The hearing de novo shall be defined as a hearing for the purpose of entering an original alimony order under the same criteria as those specified in Connecticut General Statutes 46b-82, including the causes for the dissolution of the marriage.
On January 10, 1990 the defendant husband filed a motion CT Page 354 requesting such "de novo" hearing. It is this motion that is now before the court. The parties have agreed that any order entered by the court will be retroactive to January 10, 1990.
An extensive hearing was held on this motion and after examining all of the evidence presented to the court and considering all of the criteria contained in 46b-82 of the Connecticut General Statutes, the following orders shall enter:
The defendant husband shall pay to the plaintiff wife the sum of $800 per month as periodic alimony, payable until the death of either party or the remarriage of the plaintiff wife, whichever event shall first occur. Said order shall be retroactive to January 10, 1990 and any arrearage created hereby shall be payable in full within 30 days of the date hereof.
In addition, the defendant shall:
 (a) On or before January 31, 1991, provide to the plaintiff wife a statement of commissions, draws, overrides, and perquisites received by him from Beazley Company Realtors in a form substantially in compliance with the defendant's Exhibit 5, submitted to this court during the hearing of this motion.
 (b) On or before February 25, 1991, provide to the plaintiff wife his W-2 form statement of income.
 (c) On or before April 30, 1991, provide to the plaintiff wife his 1990 federal income tax return including all amendments, schedules, 1099 forms and K1.
 (d) On or before April 30, 1991, provide to the plaintiff wife his partnership return of income and federal income tax return for any partnerships, corporations, or business entity in which he has an interest ten (10%) percent or more.
Except as expressly modified hereby all other orders contained in the judgment of May 31, 1989 shall remain in full force and effect.
FREDERICK A. FREEDMAN, JUDGE